IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEAN ELIZABETH JONES,

                Plaintiff,

     v.

ARIA HEALTH,

                Defendant.

CIVIL ACTION
NO. 13-1090

## MEMORANDUM

**SCHMEHL, J.**                                                                 **January 2, 2014**

      Plaintiff filed this suit containing three counts related to alleged workplace discrimination. Defendant has moved to dismiss, arguing primarily that once Plaintiff's allegations are limited to those occurring within the prescribed time window, the claims are unsustainable. The time limit does not destroy Plaintiff's claims as simply and completely as Defendant contends, and though Plaintiff's complaint lacks detail and specificity in several respects, the Court will grant the motion to dismiss only in part and without prejudice.

Factual and Procedural Background

      Plaintiff Jean Elizabeth Jones initially filed suit along with two other plaintiffs asserting discrimination claims against their employer, Defendant Aria Health.[1] Aria operates a facility formerly known as Frankford Hospital and employed Plaintiff as a housekeeper for nineteen years. On January 4, 2013, Judge Kelly determined that the three plaintiffs' claims were not sufficiently related and ordered Plaintiff Jones and one

_____

[1] The three plaintiffs had filed an EEOC charge on March 16, 2010.

of the others to refile separate complaints within thirty days. The separate suits would be deemed filed on the date of the original joint complaint, May 25, 2012. Plaintiff did file a separate complaint, but did not do so until February 28, 2013, more than three weeks beyond the time allotted by Judge Kelly's order.

Plaintiff alleges that, apparently in August 2009,[2] she got into a shoving match with another employee, Barbara Priadka, because of a dispute over their positions in line to check out of work at the end of the day. Plaintiff maintains she was at most equally at fault for the physical altercation; nevertheless, she was terminated and Priadka was not. Plaintiff is black and Priadka is white. Plaintiff further alleges that the investigation of the incident was flawed because other white employees sided with Priadka. In addition to the direct comparison with Priadka, Plaintiff lists four other whites who were either not fired or fired and then rehired, despite behavior including sleeping on the job because of drug use, sexual harassment, and theft of narcotics.

Plaintiff also alleges that she repeatedly complained to superiors of racial discrimination at the hospital, though the only complaint for which she provides a date is a complaint in mid-March 2009 to the Director of Human Resources, regarding "the degrading and discriminatory manner in which she was treated by the Manager of Housekeeping who needlessly and unjustifiably yelled at and berated her to the point she felt she was going to have a nervous breakdown."[3] Plaintiff's complaint does not list the actual instances of discrimination (other than the story surrounding her termination and

---

[2] Plaintiff was terminated August 24, 2009. She implies the shoving match that precipitated her discharge happened shortly beforehand, but does not give a date.

[3] The EEOC complaint confusingly states that the last date of any such complaint was the one described, in mid-March 2009, but goes on to note a complaint in mid-April 2009 regarding a conflict with another employee, which Plaintiff claims was also racially motivated, and a related change in Plaintiff's work schedule.

the comparators who were not fired); it merely states that she complained of such discrimination.

Plaintiff's complaint consists of three counts: discriminatory discharge, racially hostile work environment, and retaliation. After the case was reassigned from Judge Yohn to the undersigned, Defendant moved to dismiss all counts on August 22, 2013.

Discussion

As an initial matter, the Court declines to dismiss on the basis of Plaintiff's failure to file her individual complaint within the time frame set by Judge Kelly's order severing the cases. Dismissal is a "drastic" sanction analyzed in the light of the following factors: (1) the *party 's* responsibility; (2) prejudice; (3) any history of dilatoriness; (4) willfulness or bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Here, though Plaintiff herself seems to have had trouble getting money together, the surprise need for the funds is in a sense the result of her counsel's ultimately mistaken decision to file the three cases together. The extra few weeks could hardly have caused any substantive prejudice. The Court is not convinced there is an egregious history of delay in this matter, though the late filing becomes an additional data point for any future considerations of delay, and that reminder in itself suffices as an alternative sanction under the circumstances. There is no indication of bad faith, and lack of merit is no reason to dismiss—as discussed below, upon consideration of the substance of the motion, the Court will permit two of the three counts to stand and the other to be amended.

The Court can also dispense with Defendant's request that pattern and practice allegations be stricken from the complaint. Although these allegations (along with a variety of mistaken phrasing in the complaint) are clearly holdovers from the joint three-plaintiff complaint that was not thoroughly revised for Plaintiff's separate suit, the pattern and practice aspects are not the basis of any count of the complaint, so there is no need to address them on the motion to dismiss.

Count I: Discriminatory Discharge

Plaintiff asserts a claim for discriminatory discharge under both Title VII and §1981. As will be discussed at greater length in the next section, Plaintiff's discharge is a discrete (allegedly discriminatory) act that occurred less than three hundred days before Plaintiff filed her EEOC charge. Count I, therefore, does not have time period problems. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (distinguishing between discrete discriminatory acts and hostile environment claims, and further noting that for a discrete act within the time period, the statute does not "bar an employee from using . . . prior acts as background evidence in support of a timely claim").

A prima facie case of discriminatory discharge requires a plaintiff to show: "(1) she is a member of a protected class; (2) she satisfactorily performed the duties required by her position; (3) she suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination." *Langley v. Merck & Co., Inc.*, 186 F. App'x 258, 259 (3d Cir. 2006). Here, Plaintiff is

black, she was terminated, and she alleges she had an excellent history as an employee of Defendant for nineteen years.

In considering the fourth element, "comparator employees must be similarly situated in all relevant respects," the determination of which "takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in." *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1645 (U.S. 2012). Comparators who committed offenses that were different but of "comparable seriousness" may satisfy the plaintiff's burden. *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 223 (3d Cir. 2009) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2006)). Here, although Plaintiff has not alleged every relevant detail about the comparators she lists, the Court finds the allegations sufficient at this stage. Ms. Priadka, the other employee in the shoving match, may well satisfy the standard even taken alone. As alleged, her conduct was virtually identical (if not worse, for Plaintiff alleges Priadka instigated the conflict), and judging by their shared end-of-shift check-out procedures, the two had similar employment situations. Taking Plaintiff's allegations about the unbalanced nature of the investigation at face value adds further potentially discriminatory flavor to Plaintiff's discharge and the difference in consequences between Plaintiff and Priadka. The other comparators Plaintiff offers are less fleshed out, but two of them at least worked as housekeepers, the same position as Plaintiff. While Plaintiff might be well advised, and will be permitted, to improve the allegations of Count I when amending in accordance with the Court's ruling on Count II, Count I survives the motion to dismiss as it stands.

Count II: Racially Hostile Work Environment

In Count II, Plaintiff makes a hostile environment claim. Such claims may involve conduct that occurred more than three hundred days before the filing of an EEOC charge as long as that conduct is part of an ongoing hostile environment claim involving acts that did occur within the prescribed time period. *See Morgan*, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). It does not matter if a complete, actionable hostile environment came into being before the time period as long as the same hostile environment continued into the time period; only if some breakage exists such that the acts within the time period are a *separate* hostile environment would earlier acts be excluded from consideration. *See id.* at 118. As noted above, there is no question of "relatedness" for discrete, actionable instances of discrimination within and outside the time period. *See id.* at 113. The only type of relation that makes earlier acts timely is the relation of being part of a cumulative hostile environment claim—"a single unlawful employment practice"—actionable only as a hostile environment. *Id.* at 117. In other words, rather than strictly limiting claims to acts within the period as Defendant implies *or* setting up a distinction between related and unrelated acts as Plaintiff suggest, the case law sets up a distinction between discrete discriminatory acts (for which the time limit is strict) and hostile environment claims (for which only one act contributing to a continuous hostile environment must be within the time limit).

To establish a hostile environment claim, a plaintiff must show "(1) that he or she suffered intentional discrimination because of race; (2) the discrimination was pervasive

and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996).

Further explication of these elements is not necessary at this point because Plaintiff's complaint contains only vague allegations that are insufficient under any standard, particularly with respect to whether she has stated her case for pervasiveness and regularity. Indeed, rather than directly alleging discriminatory acts, Plaintiff mainly relies on her allegation that she complained to her superior about unspecified discrimination. The failure to describe with particularity the conduct contributing to the hostile environment is especially problematic given the time period issue that exists on the face of the complaint.[4] The Court is unable to assess whether Plaintiff has set out a viable claim because she has not explained with even minimal detail what happened when and whether the events identified as occurring within the time period (her termination and surrounding circumstances) are part of a continuous hostile environment along with the earlier discrimination to which she alludes. In any event, allusions are insufficient. If Plaintiff made repeated complaints of discrimination, she can recount the substance of that discrimination with at least some particularity and must do so in an amended complaint. The motion to dismiss will be granted with respect to Count II. On amendment, Plaintiff may ground her claim for a hostile environment partly on discriminatory acts that occurred before the relevant time frame as long as she alleges continuation of the hostile environment through to other acts occurring within the period.

---

[4] The focus here is the three-hundred-day limit under Title VII; however, even though Plaintiff dually asserts her claims under §1981, which has a four-year limit, the lack of specificity is still a problem both substantively and with respect to time limit issues.

Count III: Retaliation

Plaintiff's third claim is for retaliation in the form of her termination. As with Count I, the termination occurred within the time period and the claim is timely. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").

"To establish a prima facie case of retaliation under Title VII, a plaintiff must tender evidence that: '(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). Although a plaintiff need not fully establish a prima facie case to overcome a motion to dismiss and is only required to make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009), she still must "nudge[] her claims . . . 'across the line from conceivable to plausible.'" *Id.* at 212 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff may demonstrate the causal connection by showing "(1) a temporal proximity between the two events that is 'unusually suggestive' of retaliation, or (2) timing plus other evidence, such as evidence that the employer engaged in a 'pattern of antagonism' with the plaintiff." *Boandl v. Geithner*, 752 F. Supp. 2d 540, 562 (E.D. Pa. 2010) (citing *Luckiewicz v. Potter*, 670 F.Supp.2d 400, 411 (E.D. Pa. 2009)). Lack of

temporal proximity, by itself, should not foreclose the possibility of causal connection. *See Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 179 (3d Cir. 1997).

Here, it would be difficult to conclude that the timing is suggestive. The only date Plaintiff identifies for any of her complaints is mid-March 2009 (or possibly mid-April), and she was terminated five months later. And the Court is concerned that any employee who has ever made a complaint and been fired months later would also be able to state a viable claim and necessitate litigation beyond the motion to dismiss stage on that basis alone, which makes Plaintiff's claim here seem merely conceivable rather than plausible. On the other hand, Plaintiff has painted a picture, albeit sketchy, of herself as repeatedly asserting discrimination complaints and then being fired over an altercation with a white coworker who was the aggressor and was not fired; Plaintiff describes the fight as a convenient opportunity to discharge her. Perhaps the determining factor is that it is unclear what more Plaintiff could reasonably be expected to allege without the benefit of discovery. Finding no satisfactory answer to that question, the Court will deny the motion to dismiss with respect to Count III.